IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MORGAN HENDERSON,<br><br>　　　Plaintiff,<br><br><br>　　　　　　vs.<br><br><br>N.A.R., INC.,<br><br>　　　Defendant, | MEMORANDUM DECISION AND ORDER<br><br><br><br><br>Case No. 2:11-cv-00148-DB |

　　　Before the Court is the defendant, N.A.R., Inc's., Motion for Summary Judgment. N.A.R. claims the Fair Debt Collections Practices Act (FDCPA) is inapplicable to the conduct at issue because it was not undertaken in connection with the collection of a debt. After considering the briefs presented by counsel, the Court enters the following Memorandum Decision and Order.

　　　On October 20, 2005, Timpanogos Emergency Physicians, LLC ("Timpanogos") assigned a debt owed by plaintiff Morgan Henderson to N.A.R. for collection.  The debt was paid in full on December 27, 2006, and N.A.R. deemed the matter resolved.  On September 20, 2010, N.A.R. received an online communication from Mr. Henderson.  This marked the first communication between N.A.R. and Mr. Henderson concerning the debt.  The online communication stated: "DEBTOR CLAIMS ACCOUNT IS NOT HIS/HERS."  N.A.R.

responded to the communication by informing him that the debt had been paid in full. Mr. Henderson now alleges that this communication violated the FDCPA

## Discussion

A party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Green v. New Mexico*, 420 F.3d 1189, 1192 (citing Fed. R. Civ. P. 56 (c)).

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of a debt." 15 U.S.C. § 1692(e)(8). Courts interpreting this section have consistently held that the phrase "in connection with the collection of a debt" does not include a debt collector's conduct occurring after the debt was paid in full and after the debt collector acknowledged that the debt was paid in full. *Narog v. Certegy Check Services, Inc.,* 2011 WL 70595 (N.D. Cal. Jan. 10, 2011); *see also Winter v. I.C. System Inc.,* 543 F.Supp 2d 1210, 1213 (S.D. Cal. 2008).

There is no dispute that N.A.R.'s actions took place long after the debt in question had been collected. Therefore, N.A.R.'s response to Mr. Henderson's communication could not have been in connection with the collection of a debt. There was no "debt" remaining after the obligation had been paid in full. Whatever it was N.A.R. was doing in responding to Mr. Henderson's online communication, it was undisputably not in connection with the collection of a debt. Mr. Henderson asks the Court to find the FDCPA ambiguous and interpret it broadly and in his favor. Mr. Henderson essentially invites the Court to interpret the FDCPA as prohibiting a

less than complete explanation of any matter that relates in any way to what was once a debt. The FDCPA cannot be read so broadly. It is limited to activities made "in connection with the collection of a debt." Here, whether or not there was a debt, and regardless of who owed it, or paid it, it was undisputedly collected. And once the "collection" was complete, subsequent actions cannot possibly be in connection with the collection efforts. Mr. Henderson may feel he did not owe the debt, but there is no possible way to construe what N.A.R. did in responding to his inquiry as having any connection with any debt collection activity. This result is in accordance with the cases cited in N.A.R.'s memoranda, and there is no authority to the contrary.

Regarding N.A.R.'s request for attorney fees and costs for Mr. Henderson's bringing a frivolous lawsuit, the Court finds Mr. Henderson's claim to be brought in good faith and finds an award of costs and fees unwarranted.

For these reasons, N.A.R.'s Motion for Summary Judgment is **GRANTED** and its Motion for Fees and Costs is **DENIED.**

It is so **ORDERED**.

DATED this 9th day of June, 2011.

                                              Dee Benson
                                              United States District Judge